IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**JOHNNI LEON,**

    Plaintiff,

v.                                    Civil Action No. **3:07CV289**

**PETER D. ELIADES,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a federal inmate, brings this *Bivens*[1] action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1331.

### Preliminary Review

The Court is required to dismiss any action or claim filed by a prisoner if it determines the action or claim (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.

1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Allegations and Analysis

In the present *Bivens* action, Plaintiff names as the defendant, Peter Eliades. This Court appointed Mr. Eliades to represent Plaintiff during Plaintiff's post-conviction motion, which challenged Plaintiff's conviction and sentence. Plaintiff's 28 U.S.C. § 2255 motion. Plaintiff contends that Mr. Eliades provided ineffective representation during those proceedings and violated Plaintiff's rights under the Sixth Amendment. Plaintiff demands monetary damages.

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). In *Bivens*, the Supreme Court held that damage suits could be maintained against persons acting under color of federal authority for violations of the Constitution. *Id.* 403 U.S. at 392-93. An action under *Bivens* is almost identical to an action under 42 U.S.C. § 1983, except that the former is maintained against federal officials, while the latter is brought against state officials. *See Carlson v. Green*, 446 U.S. 14, 24-25 (1980). The Supreme Court has concluded that a court-appointed attorney is not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 because a court-appointed attorney does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 321 (1981). Similarly, an

3

attorney is not transformed into a federal official for purposes of a *Bivens* action merely because he is appointed by a federal court pursuant to federal law. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982); *Bagguley v. Cogburn*, Nos. 89-7102, 89-7103, 1990 WL 139323, at *1 (4th Cir. Sept. 26, 1990). Thus, Plaintiff has failed to state a claim upon which relief could be granted. Accordingly, the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order shall issue.

/s/
Richard L. Williams
United States District Judge

Date: NOV - 5 2007
Richmond, Virginia